IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                            Civ. No. 18-15

$10,990.00 IN UNITED STATES CURRENCY,

$9,050.00 IN UNITED STATES CURRENCY,

    *Defendants-in-rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. § 1952 that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

### DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

    a) Ten thousand Nine Hundred Ninety dollars ($10,990.00) in United States Currency,
    b) Nine thousand fifty dollars ($9,050.00) in United States Currency,
(hereafter referred to as "Defendant Currency").

3. The Defendant Currency was seized by the Drug Enforcement Administration on September 4, 2017, in the District of New Mexico.

4. The Defendant Currency is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

7. On September 4, 2017, Drug Enforcement Administration (DEA) Albuquerque District Office (ADO) Special Agent Jarrell W. Perry conducted consensual encounters with Asia Linesse Terry and Jeffrey Calvin Sims Jr. at the Greyhound Bus Station in Albuquerque, New Mexico. Terry and Sims were traveling on a one-way ticket, paid for with cash, from Cleveland, Ohio to Los Angeles, California. Sims' Greyhound bus ticket bore the false name of Steven Moore.

8. Agent Perry asked for and received permission from Sims to search his black bag for contraband. A consensual search of Sims black bag revealed several rubber-band wrapped bundles of U.S. Currency concealed inside of various clothing and the inner lining. Sims' black wallet also contained bundles of currency. Agent Perry knew from his experience that the various rubber-band wrapped bundles of currency and the concealment methods were consistent with the transportation and sale of illegal controlled substances and proceeds of illegal controlled substances.

9. Sims said that he did not have identification with him. Agent Perry located an Ohio Driver's License in the name of Jerry Calvin Sims Jr. with a photograph of Jerry Calvin Sims Jr. attached. Sims repeatedly said that the identification was not him.

10. Agent Perry asked for and received permission from Terry to search her red bag for contraband. A consensual search of Terry's red bag revealed rubber-band wrapped bundles of an undetermined amount of U.S. Currency that were concealed inside of various clothing.

11. A consensual search of Terry's wallet revealed two rubber-band wrapped bundles of an undetermined amount of U.S. Currency concealed in the middle compartment.

12. Sims stated that they had a total of $8,000.00 U.S. Currency with them. He said that it was around $17,000. Sims repeatedly informed Agent Perry that he was not involved with drugs without Agent Perry asking any questions about drugs.

13. Sims and Terry gave conflicting accounts of the source of the currency, who purchased their tickets, who they were staying with in California and the reason for having the bundled U.S. Currency with them. Sims said that he had recently sold a car. Terry said that Sims had sold a different vehicle than the one Sims had identified.

14. Jerry Calvin Sims Jr. has a felony arrest for trafficking in drugs on November 21, 2008 and a felony possession of drugs on August 19, 2008.

15. At the Albuquerque DEA office DEA Task Force Officer (TFO) Jason Franklin deployed a trained and certified narcotics canine on the currency Sims had transported. The canine alerted positively for the odor of illegal controlled substances on the currency.

16. TFO Jason Franklin deployed a trained and certified drug detection canine on the currency Terry had transported. The canine alerted positively for the odor of illegal controlled substance on the currency.

17. On September 6, 2017, the currency seized from Sims was transported to Loomis Armored Transport for an official count. The count resulted in a total of $9,050.

18. On September 6, 2017, the currency seized from Terry was transported to Loomis Armored Transport for an official count. The count resulted in a total of $10,990.

## FIRST CLAIM FOR RELIEF

19. The United States incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth.

20. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

21. Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

22. The United States incorporates by reference the allegations in paragraphs 1 through 18 as though fully set forth.

23. Title 18, United States Code, Section 981(a)(1)(C) provides, in part, for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to an offense

constituting a "specific unlawful activity" (SUA) as defined in 18 U.S.C. § 1956(c)(7), or conspiracy to commit such offense.

24.　18 U.S.C. § 1952 prohibits interstate and foreign travel or transportation with the intent to (1) distribute the proceeds of any unlawful activity; (2) commit any crime of violence to further any unlawful activity; or (3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity.  Unlawful activity is defined in 18 U.S.C. § 1952(b).

25.　Defendant Currency is the proceeds of a violation of 18 U.S.C. § 1952 or is the proceeds traceable to such property and, is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: **01-05-2018**

_____
Jarrell W. Perry, Special Agent
Drug Enforcement Administration