IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.                                                             Civ. No. 1:18-cv-00015-LF-JHR

$10,990.00 IN UNITED STATES CURRENCY,

$9,050.00 IN UNITED STATES CURRENCY,

    *Defendants-in-rem.*

### UNITED STATES' MOTION TO STRIKE JERRY C. SIMS, JR'S CLAIM FOR LACK OF STANDING

The United States hereby moves, pursuant to Supplemental Rule G(8)(c) of the Federal Rules of Civil Procedure to strike the verified claim (Doc. 4) filed by Jerry C. Sims, Jr. on February 9, 2018. While Claimant Sims Jr. has filed a claim, he failed to file a timely answer to the complaint as required by Supplemental Rule G(5)(b). As a result, Jerry C. Sims, Jr. lacks statutory standing and his claim should be stricken.

Counsel for Plaintiff attempted to contact Jerry C. Sims, Jr., *pro se,* via the telephone number he listed on the verified claim. The number is for an attorney in Cleveland, Ohio who has not entered an appearance in this case. Plaintiff's counsel nonetheless left a message for the purpose of contacting Mr. Sims. As of the date of filing this motion, Plaintiff has not received a return call. Accordingly, Plaintiff submits that the motion should be deemed opposed.

**PROCEDURAL HISTORY**

1.    Pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(C) and 1952, the United States filed a Verified Complaint for Forfeiture *In Rem* on January 5, 2018 seeking forfeiture of the Defendant Property. (Doc. 1).

2. A notice of civil forfeiture was published on www.forfeiture.gov from January 24, 2018 through February 22, 2018. (Doc. 7).

3. On January 23, 2018, the United States Attorney's Office sent copies of the Verified Complaint for Forfeiture *in Rem* and the Notice of Complaint for Forfeiture Against Property to Jerry C. Sims, Jr. via certified mail.

4. The Notice (Attachment 1) stated as follows:

> All persons asserting an interest in or claim against the defendant property and who have received direct notice of the forfeiture action must file a verified claim with the Clerk of this Court pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, **thirty-five (35) days** after the notice is served. In addition, any person having filed such a claim shall also serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within **twenty-one (21) days** after filing the claim.
>
> The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on Assistant United States Attorney, Stephen R. Kotz, designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

5. The Notice mirrored the requirements for a proper claim and answer under Supplemental Rule G(5).

6. On February 9, 2018, Jerry C. Sims, Jr. filed a claim of interest. (Doc. 4.)

7. Pursuant to Supplemental Rule G(5)(b), an Answer was due within 21 days after the claim was filed, that is, no later than March 2, 2018.

8. On March 5, 2018, this Court denied claimant's motion for extension of time to file an answer and precluded claimant from filing an answer. (Doc. 6.)

**ARGUMENT**

I. **THE NATURE OF CIVIL ASSET FORFEITURE**

This is an *in rem* civil asset forfeiture case. (Doc. 1.) In such a case, the United States is the plaintiff, the property/asset is the defendant and the claimant is an intervenor seeking to challenge the forfeiture of the defendant property. *United States v. $148,840.00 in U.S. Currency,* 521 F.3d 1268, 1273 (10th Cir. 2008) ; *Via Mat International South America, Ltd. v. United States,* 446 F.3d 1258, 1264 (11th Cir. 2006) (a civil forfeiture proceeding is not an action against the claimant but rather is an *in rem* action against the property); *United States v. All Funds in Account Nos. 747.034/278(Banco Espanol de Credito)*, 295 F.3d 23, 25 (D.C. Cir. 2002) ("Civil forfeiture actions are brought against property, not people.  The owner of the property may intervene to protest his interest."); *United States v. $734,578.82 in U.S. Currency,* 286 F.3d 641, 657 (3d Cir. 2002)(civil forfeiture is an *in rem* action against the property itself; the forfeiture is "not conditioned upon the culpability of the owner of the defendant property"); *United States v. One-Sixth Share,* 326 F.3d 36, 40 (1st Cir. 2003*)*("Because civil forfeiture is an *in rem* proceeding, the property subject for forfeiture is the defendant. Thus, defenses against the forfeiture can be brought only by third parties, who must intervene.").

II. **CLAIMANT FAILED TO COMPLY WITH SUPPLEMENTAL RULE G**

Supplemental Rule G governs forfeiture actions *in rem* arising from a federal statute. Supp.R. G(1). Supplemental Rule G(5) delineates the responsive pleadings a claimant must file to challenge a civil forfeiture action[1]. The first required pleading is a claim signed by claimant

---

[1] Supplemental Rule G(5) provides:
    (a) Filing a Claim.
        (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending.  The claim must:
            (A) identify the specific property claimed;
            (B) identify the claimant and state the claimant's interest in the property;
            (C) be signed by the claimant under penalty of perjury; and

3

under penalty of perjury. Supp. Rule G(5)(a). The second required pleading is an answer. Supp.R. G(5)(b). Jerry C. Sims, Jr. filed claim of interest February 9, 2018. (Doc. 4). Jerry C. Sims, Jr. has not filed a timely answer as required by Supplemental Rule G(5)(b).

### III. CLAIMANT JERRY C. SIMS, JR. LACKS STATUTORY STANDING TO CONTEST THIS CIVIL FORFEITURE ACTION, AND THEREFORE HIS CLAIM MUST BE STRICKEN

#### A. STANDING IS A THRESHOLD ISSUE

As set forth above, in a civil forfeiture case, the United States is the plaintiff, the property is the defendant, and the claimant is an intervenor seeking to challenge the forfeiture of the defendant property. As an intervenor, Claimant Jerry C. Sims, Jr. must establish that he has standing to contest the forfeiture. Thus, standing is a threshold issue in every federal civil forfeiture case. *United States v. $148,840.00 in U.S. Currency,* 521 F.3d 1268, 1273 (10th Cir. 2008); *Via Mat International South America, Ltd. v. United States,* 446 F.3d 1258, 1261 (11th Cir. 2006) (Standing "is the threshold question in every federal case, determining the power of the Court to entertain the suit"), quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975); *United States v. $38,570 in U.S. Currency,* 950 F.2d 1108, 1111 (5th Cir. 1992) (standing is a threshold question on which the claimant "bears the burden of demonstrating an interest in the seized item sufficient to satisfy the Court of his standing").

Article III standing and statutory standing are different things. *United States v. $148,840 in United States Currency,* 521 F.3d 1268, 1273 n.3 (10th Cir. 2008). *United States v. $8,221,877.16 in United States Currency,* 330 F.3d 141, 150 n.9 (3d Cir. 2003). Article III

---

(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D). ....
(b) Answer.  A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 20 days after filing the claim.  A claimant waives an objection to in rem jurisdiction or to venue if the objection is not made by motion or stated in the answer.

standing depends on the existence of a case or controversy. Statutory standing requires compliance with the procedural imperatives found in Supplement Rule G.

### B. WITHOUT A PROPER ANSWER, CLAIMANT JERRY C. SIMS, JR. LACKS STATUTORY STANDING

To achieve statutory standing to contest a civil forfeiture action, a claimant must comply with the pleading requirements of Supplemental Rule G(5). *See United States v. $148,840.00 in U.S. Currency,* 521 F.3d 1268, 1273 n.3 (10th Cir. 2008); *United States v. $11,981.00,* No. 03-5679, 2007 WL 3037307, at *6 (E.D.Cal. Oct. 17, 2007) (failure to comply with Rule G(5) means that the claimant lacks standing); *United States v. $13,970.00 in U.S. Currency,* No.06-386, 2007 WL 1231659, at *2 (M.D. Ga. Apr. 26, 2007) (unpublished) (statutory standing is a threshold issue; claimant who fails to comply with section 983(a)(4) and Rule G(5) lacks standing) .

Both a timely claim and a timely answer must be filed to achieve statutory standing to contest a forfeiture action. *United States v. $12,126 in U.S. Currency,* 337 F.App'x 818, 820(11th Cir. 2009) ("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action.). "Where a claimant fails to comply with the procedural requirements of the Supplemental Rules, his claim may be stricken for lack of statutory standing." *United States v. $27,601.00 in United States Currency,* 800 F.Supp.2d 465, 467(W.D.N.Y. 2011); *United States v. Cambio Exacto, S.A.,* 166 F.3d 522, 526 (2d Cir. 1999) (claimant who fails to meet specified time deadlines in Supplemental Rules lacks statutory standing); *United States v. All Right… 479 Tamarind Drive, Hallendale, Florida,* 2011 WL 1045095, at *3 (S.D.N.Y. Mar. 11, 2011) ("When a claimant fails to file an answer, he or she does not have statutory standing to bring a claim"); *United States v. $11,500.00 in U.S. Currency,* 797 F. Supp.2d 1092, 1097, 2011 WL

2729561, at *4 (D. Or. 2011) (stating that "[s]tatutory standing requires that a claimant comply with the procedural requirement[s]" of the Supplemental Rules, and that "[c]ourts typically require strict compliance with the forfeiture filing requirements to perfect standing").

A verified claim and an answer serve distinct purposes. *United States v. $261,480 in U.S. Currency,* 2002 WL 827420 at *2 n.3 (E.D.N.Y. May 2, 2002). The verified claim forces the claimant to place himself at risk for perjury for a false claim. *United States v. 35 Firearms,* 123 Fed.Appx. 204 (6th Cir. 2005); *Accord*, *United States v. $487,825.00,* 484 F.3d 662, 664 65 (3rd Cir. 2007). The answer serves to detail the claims and defenses which claimant believes support his assertion of claim to the property. *United States v. One Vector M12,* 442 F.Supp. 2d 482, 486 (S.D. Ohio 2005). The claimant's failure to answer leaves the Government and the Court guessing as to which allegations in the complaint are admitted and which will require proof of trial. *See United States v. All Assets Held at Bank Julius Baer & Co*., 664 F. Supp. 2d 97, 102-03 (D.D.C. 2009) (holding that for these reasons, even *pro se* claimants must comply with the requirements of Supp. Rule G(5). "The Rule's requirement that both a claim and an answer be filed is plain and unambiguous…Strict compliance with the rule requires both a claim and an answer.") *United States v. $19,840.00 in United States Currency More or Less,* 552 F.Supp.2d 632, 636 (W.D. Tex. 2008) ("In order to defend against a forfeiture, a claimant must timely file both a claim and an answer.").

    **C.**    **THE CLAIM SHOULD BE STRICKEN FOR LACK OF STANDING**

Supplemental Rule G(8)(c)(i)(A) provides: "At any time before trial, the government may move to strike a claim or answer for failing to comply with Rule G(5) or (6)."

Granting a motion to strike a claim is appropriate for a putative claimant who does not file an answer in compliance with the pertinent rules. *See United States v. $19,840.00 in United*

*States Currency More or Less,* 552 F.Supp.2d 632, 635-36(W.D. Tex. 2008) (claimant who timely filed claim was properly defaulted for filing answer two days late, entitling Government to final judgment of forfeiture of claimant's interest in the property); *United States v. $159,040.00 in U.S. Currency,* 517 F.Supp.2d 437, 439-40 (D.D.C. 2007) (claimant lacked statutory standing to challenge seizure because he did not file an answer until two months after statutory deadline for claims); *United States v. 328 Pounds More or Less, of Wild American Ginseng,* 347 F.Supp.2d 241, 249 (W.D.N.C. 2004) (dismissing claim where claimant failed to comply with Supplemental Rules requirements, including filing of an answer); *See United States v. 40 Acres of Real Property, More or Less,* 629 F.Supp.2d 1264, 1275 (S.D. Ala. 2009) (striking claim because claimants' "failure to file an answer pursuant to Supplemental Rule G(5)(b) deprives them of statutory standing to pursue their claim to the Property."); *United States v. $27,601 in United States Currency,* 800 F.Supp.2d 465, 467 (W.D.N.Y. 2011) (granting the Government's motion to strike the claim because the claimant failed to timely file an answer to the Government's complaint); and *United States v. All Assets Held at Bank Julius Baer & Co. Ltd,* 664 F.Supp.2d 97, 102-03 (D.D.C. 2009) (striking claim for failure to file an answer to the complaint).

    Claimant Jerry C. Sims, Jr. has failed to a timely answer as required by Supplemental Rule G(5)(b) despite having ample opportunity to do so. As a result, Sims lacks statutory standing to contest the forfeiture of the Defendant Property, and his claim should be stricken. *See United States v. Cambio Exacto, S.A.,* 166 F.3d 522, 526 (2d Cir. 1999)(claimant who fails to meet specified time deadlines in Supplemental Rules lacks statutory standing); *United States v. All Right…479 Tamarind Drive, Hallendale, Florida,* 2011 WL 1045095, at *3 (S.D.N.Y. Mar. 11, 2011) ("When a claimant fails to file an answer, he or she does not have statutory standing to

bring a claim"); *United States v. $19,840.00 in United States Currency More or Less,* 552 F.Supp.2d 632, 635-36(W.D. Tex. 2008) (claimant who timely filed claim was properly defaulted for filing answer two days late, entitling Government to final judgment forfeiture claimant's interest in the property), *United States v. $159,040.00 in U.S. Currency,* 517 F.Supp.2d 437, 439-40 (D.D.C. 2007) (claimant lacked statutory standing to challenge seizure of the *res* because he did not file an answer until two months after statutory deadline for claims).

**IV.   CONCLUSION**

WHEREFORE, the United States respectfully requests, pursuant to Supplemental Rule G, that the Court strike the verified claim filed February 9, 2018 (Doc. 4) for lack of statutory standing and for such further relief as the Court deems proper.

Respectfully Submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically Filed on 3/23/18*
STEPHEN R. KOTZ
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing;

AND I FURTHER CERTIFY that on the date of filing I served
the foregoing on the following by mail:

>Jerry C. Sims, Jr
>Claimant, *Pro Se*
>1144 Rockfeller Building
>614 West Superior Avenue
>Cleveland, OH 44113

And

>Jerry C. Sims, Jr.
>Claimant, *Pro Se*
>8703 Bancroft Avenue
>Cleveland, Ohio 44105


_____/s/_____
STEPHEN R. KOTZ
Assistant U.S. Attorney