**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             No. Civ. 18-015 JCH/JHR

$10,990.00 IN UNITED STATES CURRENCY,
$9,500.00 IN UNITED STATES CURRENCY

    Defendants-in-rem.

**MEMORANDUM OPINION AND ORDER**

On March 23, 2018, the United States' filed a Motion to Strike Jerry C. Sims, Jr's Claim for Lack of Standing (ECF No. 10). On April 2, 2018, Jerry Sims, proceeding *pro se*, filed a Motion for Leave to File Answer Instanter (ECF No. 13). The Court, having considered the motions, record, applicable law, and otherwise being fully advised, concludes that Mr. Sims' motion for leave to file an answer should be granted, and the United States' motion should be denied for mootness.

**I.    BACKGROUND**

The United States filed its Verified Complaint for Forfeiture *In Rem* against $10,990.00 in United States currency and $9,050.00 in United States currency on January 5, 2018. Compl., ECF No. 1. The complaint arose allegedly from a seizure by the Drug Enforcement Administration ("DEA") on September 4, 2017, conducted by Special Agent Jarrell W. Perry during an encounter at the Greyhound Bus Station in Albuquerque, New Mexico. *Id.* ¶¶ 3, 7. During a search of the bag and wallet of Jeffery Calvin Sims Jr., which the United States asserts was consensual, Agent Perry found several rubber-band wrapped bundles of United States currency. *Id.* ¶ 8. A search of

Asia Linesse Terry's wallet and bag revealed two rubber-band wrapped bundles of currency. *Id.* ¶ 10-11. Mr. Sims and Ms. Terry allegedly gave conflicting accounts of the source of the currency, who purchased their one-way tickets with cash, who they were staying with in California, and the reason for having bundled cash with them. *Id.* ¶ 7, 13. According to the Government, Mr. Sims said he recently sold a car, but Ms. Terry said that Mr. Sims had sold a different vehicle than the one he had identified. *Id.* ¶ 13. Additionally, Mr. Sims' bus ticket allegedly bore the false name of Steven Moore and he allegedly repeatedly asserted that his driver's license in the name of Jerry Calvin Sims Jr. was not him. *Id.* ¶¶ 7, 9. Mr. Sims also allegedly told Agent Perry he was not involved with drugs without being asked questions about drugs. *Id.* ¶ 12.

According to the Government, Mr. Sims has a felony arrest for drug trafficking on November 21, 2008, and a felony possession of drugs on August 19, 2008. *Id.* ¶ 14. A trained and certified narcotics detection canine allegedly alerted positively for the odor of illegal controlled substances on the currency. *See id.* ¶¶ 15-16. The United States moves for forfeiture of the currency under 21 U.S.C. 886(a)(6) in its First Claim for Relief and for forfeiture under 18 U.S.C. § 981(a)(1)(C) in its Second Claim for Relief. *Id.* ¶¶ 19-25.

On February 9, 2018, Jerry C. Sims filed a Verified Claim, subject to the penalty of perjury, claiming that he is the sole owner of the monies and the funds were seized by the DEA after an illegal search and seizure on September 4, 2017. *See* Verified Claim 1-2, ECF No. 4. Mr. Sims also claims that the asserted adoption of the funds by the DEA "was not in conformity with the procedures designed to regulate adoptions of this ilk." *Id.* On March 2, 2018, Mr. Sims filed a Motion for Extension of Time to File Answer, seeking a 14-day extension of time to file an answer or responsive pleading under Federal Rule of Civil Procedure 6(b). Claimant's Mot., ECF No. 5.

On March 5, 2018, the Honorable Jerry H. Ritter entered an Order Denying Claimant's

Motion for Extension of Time to File an Answer (ECF No. 6). The Court founds that Mr. Sims provided no reason demonstrating excusable neglect for filing the untimely motion in his request for an extension as required by Rule 6(b)(1)(B) or for why an extension was necessary, preventing the Court from finding good cause as required by Rule 6(b)(1)(A). Order, ECF No. 6. The Court thus ordered that Claimant "is precluded from filing an Answer in this case." *Id.*

Subsequently, the United States filed a Notice of Publication (ECF No. 7). On March 23, 2018, the United States filed a motion to strike Mr. Sim's claim for lack of standing (ECF No. 10). The United States asserts that Mr. Sims lacks statutory standing because he failed to file a timely answer to the complaint as required by Supplemental Rule G(5)(b). United States' Mot. to Strike 1, ECF No. 10. On April 2, 2018, Mr. Sims filed a Motion for Leave to File Answer Instanter (ECF No. 13). In the motion, Mr. Sims states that he is currently incarcerated in the Cuyahoga County Jail in Ohio, and "was unable to timely respond to Plaintiff's Complaint." Claimant's Mot. for Leave to File Answer, ECF No. 13. The same day, Mr. Sims filed his proposed Answer. Claimant's Answer Instanter, ECF No. 14.

The United States filed a Notice of Completion of Briefing, noting that Mr. Sims did not file a response to its motion to strike Mr. Sims's Claim. *See* Notice, ECF No. 18. In response to Claimant's motion for leave to file an answer, the United States argues that the Court already denied an extension of time to file an answer, Mr. Sims ignored the preclusion order, and he failed to specify when its incarceration began and how he was unable to timely respond to Plaintiff's complaint. *See* United States' Resp. 1-2, ECF No. 19. In reply, Mr. Sims noted that his incarceration makes him unable to file documents electronically, so filing documents on time is more difficult under his circumstances. *See* Claimant's Reply, ECF No. 20.

II.   **LEGAL ANALYSIS**

A forfeiture claimant must meet both Article III and statutory standing requirements before he may contest a forfeiture. *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 150 n.9 (3d Cir. 2003). To show Article III standing, a claimant must show an interest in the property sufficient to create a "case or controversy." *Id.* (quoting *United States v. Contents of Accounts Nos. 3034504504 & 14407143 (In re Friko Corp.)*, 971 F.2d 974, 984 (3d Cir. 1992)). Statutory standing requires compliance with certain procedural requirements. *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1273 n.3 (10th Cir. 2008) (citing with approval *$8,221,877.16 in U.S. Currency*, 330 F.3d at 150 n.9).

Where the government sent direct notice to a known potential claimant, the claimant must file a claim by the deadline set forth in the direct notice, at least 35 days after the notice is sent. *See* Fed. R. Civ. P. G(5)(a)(ii)(A) & G(4)(b)(i)-(ii). "A claimant must serve and file an answer to the complaint . . . within 21 days after filing the claim." Fed. R. Civ. P. G(5)(b). Supplemental Rule G(8)(c) provides that the government, at any time before trial, may move to strike a claim or answer for failing to comply with Rule G(5) or because the claimant lacks standing. Fed. R. Civ. P. G(8)(c). Strict compliance with Supplemental Rule G(5) is generally required in the absence of special circumstances. *See United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 598 (7th Cir. 2000); *United States v. Ford 250 Pickup 1990 VIN No. 1FTHX26M1LKA69552*, 980 F.2d 1242 (8th Cir. 1992) ("Strict compliance with the rule requires both a claim and an answer."). A party "attempting the untimely filing must show excusable neglect or a meritorious defense." *Ford 250 Pickup*, 980 F.2d at 1245.

Claimant Sims is proceeding *pro se*. The Court finds that Claimant's motion for leave to file an answer acts as a response to the United States' motion to strike his claim for failing to file an Answer. The Court thus finds that Claimant Sims has not consented to granting of the motion

under Local Rule 7.1(b).

This Court initially prohibited Claimant Sims from filing an Answer because he failed to give justification for his need for an extension. Although belated, Claimant filed a subsequent motion providing reasons for his request for more time to file an answer to the complaint -- his incarceration has made it difficult to file pleadings on time because he does not have access to electronic filing. The Court finds the grounds are sufficient under Rule 6(b)(1)(B) to constitute excusable neglect. Mr. Sims also requested leave to file his answer, so Mr. Sims did not merely ignore this Court's prior preclusion order. Instead, Mr. Sims provided additional grounds for his need for more time and attempted to follow the procedural rules, showing a good faith effort to comply with Rule G(5). He has also filed his Answer, setting forth those allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested, so that Mr. Sims has met the underlying goal of the procedural rule requiring an answer. Although the motion is not overflowing with detail, the Court recognizes that Mr. Sims is proceeding *pro se*. For the foregoing reasons, the Court will grant Claimant's Motion for Leave to File Answer Instanter. *Cf. United States v. $9,020.00 In U.S. Currency*, 30 F. App'x 855, 857-58 (10th Cir. Feb. 13, 2002) (unpublished) ("Further, the oft-cited statement that courts may require strict compliance with Rule C(6) does not negate the liberal construction due pro se pleadings…. In light of appellant's pro se status, and because appellant's petition for remission satisfied both the requirements and underlying purposes of Rule C(6), the district court should have construed his petition liberally as a verified claim.").

Because the Government's motion to strike was based on lack of standing for failing to file a timely answer, and the Court has now permitted Claimant Sims permission to file his Answer, the Court will deny the United States' motion to strike for mootness.

**IT IS THEREFORE ORDERED** that:

1. Claimant Sims' Motion for Leave to File Answer Instanter (**ECF No. 13**) is **GRANTED**.

2. The United States' Motion to Strike Jerry C. Sims, Jr.'s Claim for Lack of Standing (**ECF No. 10**) is **DENIED AS MOOT**.

_____
**UNITED STATES DISTRICT JUDGE**
